IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

MAR 31 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

TERRENCE R. BRIDGEFORTH, )
)
Plaintiff, )
)
v. ) No. CIV 09-136-RAW-SPS
)
SERGEANT WALKER, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #18], plaintiff's response [Docket #23], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) [Docket #19 and #20].

Plaintiff, a former inmate of the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are OSP Correctional Officer Sergeant Walker and OSP Correctional Officer Marshall.[1]

Plaintiff alleges that during an argument with Defendant Walker on March 25, 2009,

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

Walker promised he would come in plaintiff's cell and beat plaintiff. The next day plaintiff was denied his meals at breakfast, lunch, and dinner. At dinner Officer Williams told plaintiff that he had been ordered by the shift lieutenant not to open plaintiff's area for meals. The second shift unit officers began heckling plaintiff through the speaker in plaintiff's cell by saying he would be beaten, and plaintiff's water, toilet, and lights were turned off.

Plaintiff claims that between 6:00 p.m. and 7:00 p.m., Defendant Walker directed Officer Williams in the control booth to open plaintiff's celling assignment door. Defendants Walker and Marshall, along with two other unidentified guards, then allegedly entered plaintiff's cell with long flashlights. Plaintiff claims Walker hit him in the jaw, and the other three officers joined Walker in severely beating plaintiff. Plaintiff asserts he almost was choked to unconsciousness during the attack that lasted approximately three minutes. The officers left plaintiff's cell and closed the door, but later that evening Defendant Walker told plaintiff over the cell speaker that "we can do this every day." Plaintiff's injuries included a swollen eye and leg, soreness in many parts of his body, dizziness, blurred vision, cuts, and bruises.

The defendants allege the incidents never occurred, and plaintiff has failed to exhaust his administrative remedies for the claims in this lawsuit. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*,

254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The special report preparer states by affidavit that a search of the OSP Facility Grievance Documentation indicated plaintiff submitted no Requests to Staff or grievances in 2009, the year when the incidents at issue in this case occurred. Plaintiff argues in his response that he was unable to exhaust his administrative remedies, because he already was

litigating issues of guard brutality in Oklahoma County District Court Case No. CJ-2008-10810, filed on December 2, 2008. Because the provisions of 42 U.S.C. § 1997e(a) do not include such an exception for exhaustion, the court finds plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act.

**ACCORDINGLY,** the defendants' motion to dismiss for failure to exhaust administrative remedies [Docket #18] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 31st day of March 2010.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**