IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TERRENCE R. BRIDGEFORTH, )
)
Plaintiff, )
)
v. ) No. CIV 09-136-RAW-SPS
)
SERGEANT WALKER, et al., )
)
Defendants, )

## OPINION AND ORDER DENYING MOTION TO RECONSIDER DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS

On March 31, 2010, the court granted the defendants' motion to dismiss this action for plaintiff's failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a) [Docket #30]. On April 12, 2010, plaintiff filed a notice of intent to appeal [Docket #32], and on April 30, 2010, plaintiff's motion for leave to appeal *in forma pauperis* was denied, because the court found the appeal had not been taken in good faith [Docket #37]. Plaintiff subsequently filed a motion to reconsider the denial of his motion to proceed on appeal *in forma pauperis* [Docket #40].

Plaintiff alleges the Oklahoma Department of Corrections' grievance policy prohibited him from exhausting his administrative remedies for the claims in his complaint, because he had a similar complaint pending in a court of law. He argues this policy left him with no means for exhausting administrative remedies, resulting in his inability to pursue his claims in this court.

The DOC Offender Grievance Policy, OP-090124(II)(B)(2), states that "[g]rievances may not be submitted about matters that are in the course of litigation." Plaintiff argues he was not able to utilize the grievance procedures, because he was litigating issues of guard brutality in Oklahoma County District Court Case No. CJ-2008-10810, filed on December 2, 2008. The incidents at issue in this lawsuit, however, allegedly occurred on March 25,

2009, so the claims in this federal action could not have been the subject of plaintiff's state court proceedings.[1] The facility records show that plaintiff failed to initiate any Requests to Staff or grievances in 2009, *see* Docket #19 at 7, so he did not even attempt to exhaust his administrative remedies, as required by the 42 U.S.C. § 1997e(a). Therefore, the court finds he has failed to show his appeal actually was taken in good faith.

**ACCORDINGLY,** plaintiff's motion to reconsider denial of leave to proceed *in forma pauperis* on appeal [Docket #40] is DENIED, pursuant to 28 U.S.C. § 1915(a)(3). Plaintiff is directed to forward the $455.00 filing fee to the Court Clerk within twenty (20) days.

**IT IS SO ORDERED** this _____ day of June 2010.

*[signature]*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[1] According to The Oklahoma State Court Network, http://www.oscn.net, Oklahoma County District Court Case No. CJ-2008-10810 was dismissed on June 25, 2009. The Order dismissing that case indicated plaintiff's libel claim was barred by the statute of limitations, his request for injunctive relief was prohibited by Okla. Stat. tit. 57, § 556.4(c), and he had failed to exhaust the administrative remedies for his claims for review of administrative matters.